UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| MARIA SALVADOR | No. C 10-05262 MEJ |
| Plaintiffs,<br>v.<br>HILTON WORLDWIDE, INC., et al.,<br>Defendants. | **ORDER REMANDING CASE** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Maria Salvador's ("Plaintiff") Motion to Remand for lack of diversity jurisdiction. Dkt. No. 5. The Court finds this matter suitable for determination without oral argument. *See* Civil L.R. 7-1(b). For the reasons that follow, the Court **GRANTS** Plaintiff's Motion to Remand and **REMANDS** this matter to the California Superior Court, County of San Francisco.

## II. BACKGROUND

On October 6, 2010, Plaintiff filed this lawsuit against her former employer, Defendant Hilton Worldwide, Inc. ("Defendant") in San Francisco County Superior Court. Compl., Not. of Removal ("Compl."), Ex. A, Dkt. No. 1. In her Complaint, Plaintiff states that she had been employed by Defendant for approximately 25 years, most recently as a Floor Supervisor at the Hilton Oakland Airport Hotel. *Id.* ¶ 6. Plaintiff states that she was accused of stealing a white "cue ball" from a pool table and was subsequently discharged by Defendant on September 1, 2009. *Id.* ¶¶ 7-10. Plaintiff alleges that her union filed a grievance on her behalf and Defendant was ordered to reinstate her with back pay. *Id.* ¶ 12. As a result of these events, Plaintiff alleges that she suffered humiliation, nervousness, shame, and embarrassment. *Id.* ¶ 15.

Plaintiff's complaint alleges one cause of action for slander per se. In her Prayer for Relief, Plaintiff seeks general, special, and punitive damages.[1]

On November 19, 2010, Defendant removed the case to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Not. of Removal, Dkt. No. 1. On February 10, 2011, Plaintiff filed the present motion to remand, arguing that Defendant has failed to show that the amount in controversy exceeds $75,000. Defendant filed an opposition on February 24, 2011, Dkt. No. 10, to which Plaintiff filed a reply on March 3, 2011, Dkt. No. 15.

## III.  DISCUSSION

**A.     Legal Standard**

A defendant may remove a civil action from state court to federal district court so long as original jurisdiction would lie in the district court to which the case is removed. 28 U.S.C. § 1441(a). Because there is a "strong presumption" against removal jurisdiction, the defendant removing the action bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In its Notice of Removal, Defendant asserts that diversity jurisdiction exists to support its removal of this action to federal court. *See* Dkt. No.1 at 2. Pursuant to 28 U.S.C. § 1332(a), a district court may exercise diversity jurisdiction over a case when the parties are citizens of different states and the amount in controversy exceeds $75,000. Here, it is undisputed that diversity of citizenship exists between Plaintiff and Defendant. Thus, the central question is whether the amount in controversy requirement is satisfied.

Plaintiff's Complaint is silent as to the amount of damages she is seeking for her slander claim. The Ninth Circuit has held that, "in cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the

---

[1] Plaintiff's prayer for relief also seeks attorney's fees and costs. However, in her motion, Plaintiff states that her counsel used a template when drafting the complaint, and the template included a claim for attorney's fees. Plaintiff states that her counsel inadvertently failed to remove this claim. Pl.'s Mot. at 6:23-25, Dkt. No. 5.

2

amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). To determine whether a defendant has made this showing, a court may consider facts in the removal petition, as well as any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson*, 319 F.3d at 1090 (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Included in the amount in controversy are claims for special and general damages, attorneys' fees (if applicable), and punitive damages. *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198-99 (N.D. Cal. 1998); *see also Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *1 (N.D. Cal. 2010). A defendant's conclusory allegations regarding the amount in controversy, however, are insufficient. *Matheson*, 319 F.3d at 1090-91.

If, after considering the evidence the defendant has proffered, there is still some doubt as to whether the amount in controversy element is satisfied, the court should remand the case to state court. *Id.* at 1090. The Court therefore turns to the evidence Defendant has proffered.

**B.      Application to the Case at Bar**

In its Notice of Removal, Defendant states that Plaintiff's allegations satisfy the jurisdictional prerequisite for the amount in controversy because "[i]t cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdiction amount." Not. of Removal ¶ 17, Dkt. No. 1. In its Opposition, Defendant admits that Plaintiff does not articulate in her Complaint the amount of compensatory damages she seeks, but argues that "redress for injuries to her reputation as well as emotional distress . . . could in and of themselves surpass $75,000." Def.'s Opp'n at 4:12-14, Dkt. No. 10. Defendant contends that this potential damages award, coupled with a potential punitive damages award, makes it "more likely than not" that Plaintiff could recover more than $75,000.

After carefully considering Defendant's arguments and thoroughly reviewing the evidence it has submitted, the Court finds that Defendant has failed to meet its burden of establishing that the amount in controversy exceeds $75,000. First, Plaintiff's claim against Defendant is that she

3

suffered damages as a result of the slander allegations in her Complaint, yet she has not asserted a specific figure in her Complaint. To the extent that Defendant relies on Plaintiff's potential damages award, it has not identified any facts specific to this case that would satisfy the amount in controversy requirement. Plaintiff alleges one cause of action for slander, and Defendant has provided no evidence that courts in cases similar to the facts alleged in Plaintiff's complaint have awarded more than $75,000.

Second, Defendant contends that the amount in controversy requirement is satisfied because Plaintiff seeks punitive damages. "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (citations omitted). "However, the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *J. Marymount, Inc. v. Bayer Healthcare, LLC*, 2009 WL 4510126, at *4 (N.D. Cal. 2009); *see also Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004) (citing *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp .2d 1227, 1232 (N.D. Cal. 2000)). Rather, a defendant must present evidence to show that any "punitive damages, coupled with other relief that Plaintiff seeks, will more likely than not exceed the jurisdictional minimum." *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149 (D.Nev. 2004).

Here, Defendant provides no evidence specific to Plaintiff's case; rather, it cites to three cases in support of its argument. Two of those cases – *Cole v. Desert Media Grp.*,1994 WL 184622 (N.D. Cal. 1994), and *Davenport v. Mut. Benefits Health & Accident Ass'n*, 325 F.2d 785 (9th Cir. 1963) –  are inapplicable because the plaintiffs originally filed their cases in federal court. The Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction in diversity cases where the amount in controversy is in doubt: "[I]n cases brought in the federal court . . . it must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal. . . .  A different situation is presented in the case of a suit instituted in a state court and thence removed." *Gaus*, 980 F.2d at 566 (alterations in original) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938)). In other words, when a

4

plaintiff brings suit in federal court alleging that the amount in controversy exceeds the jurisdictional minimum, a defendant challenging the federal court's jurisdiction must establish to a legal certainty that the plaintiff's claim does not satisfy the requisite jurisdictional amount. *Sanchez*, 102 F.3d at 402. Thus, the presumption in *Cole* and *Davenport* was that jurisdiction existed, and Defendant had to prove to a legal certainty that jurisdiction did not exist. Here, because Defendant removed the case to federal court, there is a "strong presumption" against removal jurisdiction, and Defendant bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

Defendant also cites to *Ryan v. State Farm Mut. Ins. Co.*, 934 F.2d 276 (11th Cir. 1991). In *Ryan*, the court found that diversity jurisdiction existed in part because the plaintiff specified in her complaint that she sought $100,000 in punitive damages. *Id.* at 277. This case is clearly distinguishable from the case at bar because Plaintiff has not specified the punitive damages she seeks. Thus, because Defendant has not shown that Plaintiff is more likely than not to receive punitive damages in an amount that will bring her total damages award over the jurisdictional threshold, the Court finds that Defendant has failed to meet its burden.

Further, for purposes of determining the amount in controversy requirement, courts have often rejected the argument that punitive damages satisfy the amount where the defendant fails to cite to cases that have analogous facts to the action at issue. *See, e.g., Conrad Assocs.*, 994 F. Supp. at 1201 ("Defendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money, particularly in light of the high burden that must be met in order for a plaintiff even to be eligible for receipt of discretionary punitive damages."); *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996) ("It would be inherently speculative for this Court to conclude that the amount in controversy requirement can be met by simply asserting that large punitive damage awards have been awarded in the past against insurance companies faced with allegations of fraud . . . . Defendant has failed to articulate why the particular facts that are alleged in the instant action might warrant extraordinary punitive damages."); *Sasser v. Allstate Ins. Co.*, 2008 WL 4532562, *4 (N.D. Cal. 2008) ("[T]he complaint contains largely boilerplate allegations regarding defendants'

bad faith in denying their claim, and the Court is unable to make an assessment of the likelihood of plaintiffs obtaining punitive damages. On this record, the Court finds that defendants have not met their burden of showing that it is more likely than not that punitive damages will raise the amount in controversy over $75,000.")

Taking the foregoing evidence and authorities into consideration, the Court finds that Defendant has failed to meet its burden of establishing that the amount in controversy in this case exceeds $75,000. Plaintiff has not alleged in her Complaint that she is seeking more than $75,000, and she maintains that, at this stage, she is uncertain as to the amount of damages. As to Plaintiff's demand for punitive damages, there is nothing in the record indicating that this award would exceed the jurisdictional amount. Thus, Defendant has not demonstrated by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. Consequently, the Court lacks jurisdiction over this matter and must remand the action to state court. *See* 28 U.S.C. § 1447(c).

### IV.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's request to remand this matter to state court for lack of jurisdiction. The Clerk of the Court is directed to **REMAND** this action to San Francisco County Superior Court.

**IT IS SO ORDERED.**

Dated: March 9, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge